IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE BROWN, | |
| Plaintiff, | CV F 05 0253 OWW WMW P |
| vs. | FINDINGS AND RECOMMENDATION |
| T. MORTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the first amended complaint, filed in response to an earlier order dismissing the original complaint with leave to amend.. Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant correctional officials employed by the Department of Corrections at

CSP Corcoran.

In the order dismissing the original complaint, Plaintiff was advised of the following. Plaintiff's sole claim in this complaint is that he was unfairly subjected to a prison disciplinary process. Plaintiff specifically alleges that he was "set up" and subjected to unlawful prosecution.

Plaintiff brings this action pursuant to section 1983. In <u>Edwards v. Balisok</u>, 520 U.S. 641, 644 (1997), the United States Supreme Court applied the doctrine articulated in <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994), to prison disciplinary hearings. In <u>Heck</u>, the Court held that a state prisoner's claim for damages for unconstitutional conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. 512 U.S. at 487. In applying the principle to the facts of <u>Balisok</u>, the Court held that a claim challenging the procedures used in a prison disciplinary hearing, even if such a claim seeks money damages and no injunctive relief, is not cognizable under § 1983 if the nature of the inmate's allegations are such that, if proven, would necessarily imply the invalidity of the result of the prison disciplinary hearing. 520 U.S. at 646. Because such a challenge, if successful, would invalidate the duration of the inmate's confinement, it is properly brought as a habeas corpus petition and not under § 1983. <u>Heck</u>, 512 U.S. at 487; <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973).

Although the specific facts of <u>Balisok</u> involved allegations of deceit and bias on the part of a hearing officer, the Court's reasoning applies to any claim which, if proven, would have the effect of invalidating the result of a disciplinary hearing. The Ninth Circuit has recently applied the <u>Balisok</u> rule to a case in which a prisoner sought damages based on allegations that prison officials relied on false information to find him ineligible for parole. <u>Butterfield v. Bail</u>, 120 F.3d 1023 (9th Cir. 1997). Because the claim necessarily implied the invalidity of the

plaintiff's continued confinement, it could not accrue until the conviction or sentence had been invalidated. Id.

Plaintiff was advised that in this case, plaintiff's core factual allegations are that he was prosecuted unlawfully.  Because plaintiff's claim necessarily implies the invalidity of plaintiff's continued confinement as a result of his disciplinary hearing, plaintiff's claim will not accrue until the conviction or sentence has been invalidated.  The complaint was therefore dismissed.

In the first amended complaint, Plaintif restates, with greater factual detail, the allegations of the original complaint.  Plaintiff does not, however, allege any facts suggesting that his conviction was reversed, expunged, or otherwise invalidated.  Plaintiff has failed to correct the deficiencies identified in the order dismissing the original complaint.  Because Plaintiff has failed to correct the deficiencies identified in the original complaint, the court recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time waives all objections to the judge's findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the

1 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).

6 IT IS SO ORDERED.

7 **Dated:   July 3, 2008**                            /s/  William M. Wunderlich
                                                     UNITED STATES MAGISTRATE JUDGE